IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 3:14-667-JFA |
| v. | |
| JEREMY PUGH WASHINGTON. | **MEMORANDUM OPINION, AND ORDER** |

This matter is before the court upon the defendant's *pro se* "motion to have the SCDPPS & SCDC reinstate and apply all rights, privileges and liberties as a parole eligible, non-violent offender to the defendant as a S.C. inmate." (ECF No. 1725).

Defendant is essentially challenging the execution of his current term of incarceration. Defendant is currently serving concurrent sentences from the South Carolina state courts and the instant federal court. *See* (ECF No. 1530) ("This sentence shall run concurrent with the undischarged state sentence the defendant is currently serving."). It is unclear whether Defendant is challenging his state term of incarceration or federal term of incarceration. *See* (ECF No. 1725, p.3)("The Defendant is challenging the fairness of the parole process and procedures as it applies to him as a State and Federal inmate serving his sentence within the Federal system."). He mailed the current filing to the instant federal court but named several individuals and entities related to South Carolina corrections within the case caption. Regardless of the exact relief sought, this filing is subject to summary dismissal.

1

To the extent Defendant is challenging his federal term of incarceration, the court does not compute sentences or contact prison officials concerning the computations because such matters are ordinarily within the province of the United States Bureau of Prisons, not this court. Further, where a petitioner attacks the execution and not the imposition of a sentence, his petition invokes 28 U.S.C. § 2241. *See Setser v. United States*, 566 U.S. 231, 244 (2012) ("[T]he Bureau of Prisons ... ultimately has to determine how long the District Court's sentence authorizes it to continue [the defendant's] confinement. [The defendant] is free to urge the Bureau to credit his time served in state court based on the District Court's judgment that the federal sentence run concurrently with the state sentence for the new drug charges. If the Bureau initially declines to do so, he may raise his claim through the Bureau's Administrative Remedy Program. *See* 28 CFR § 542.10 et seq. (2011). And if that does not work, he may seek a writ of habeas corpus. *See* 28 U.S.C. § 2241."); *see also United States v. Wilson*, 503 U.S. 329, 334-35 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence.... Federal regulations have afforded prisoners administrative review of the computation of their credits ... and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies."). Thus, the instant motion is more properly asserted as a §2241 petition. However, Defendant did not use the proper forms, pay the filing fee, or seek *in forma*

*pauperis* status.[1] Thus, his current motion is denied. However, the clerk of court is ordered to include § 2241 forms along with a copy of this order when mailing to Defendant.

To the extent Defendant is challenging his state term of incarceration, this court is without authority to alter such a sentence. *Meachum v. Fano*, 427 U.S. 215, 229 (1976)("The federal courts do not sit to supervise state prisons, the administration of which is acute interest to the States."). Therefore, Defendant's motion is respectfully denied.

IT IS SO ORDERED.

August 12, 2025                                        Joseph F. Anderson, Jr.
Columbia, South Carolina                    United States District Judge

---

[1] Moreover, the court notes that in a § 2241 action challenging the execution of the sentence of a petitioner in physical custody within the United States, the petition should be filed in the district court of the district where the petitioner is in custody. *See United States v. Miller*, 871 F.2d 488, 489-90 (4th Cir. 1989) ("A claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself. Judicial review must be sought under 28 U.S.C. § 2241 in the district of confinement rather than in the sentencing court."). It appears that Petitioner is incarcerated in Ohio.